IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

CARPENTERS PENSION TRUST FUND OF KANSAS CITY, a Trust Fund,

and

ALBERT L. BOND, and DONALD E. GREENWELL, III, TRUSTEES OF THE CARPENTERS PENSION TRUST FUND OF KANSAS CITY,

and

ST. LOUIS – KANSAS CITY CARPENTERS REGIONAL ANNUITY FUND, a Trust Fund,

and

VIRGIL W. KLOTH, and BRIAN MURPHY, TRUSTEES OF THE ST. LOUIS – KANSAS CITY CARPENTERS REGIONAL ANNUITY FUND,

and

CARPENTERS' HEALTH AND WELFARE TRUST FUND OF ST. LOUIS, a Trust Fund,

and

VIRGIL W. KLOTH, and BRIAN MURPHY, TRUSTEES OF THE CARPENTERS' HEALTH AND WELFARE TRUST FUND OF ST. LOUIS,

and

CARPENTERS VACATION TRUST FUND OF ST. LOUIS, a Trust Fund,

and

ALBERT L. BOND and BRIAN MURPHY TRUSTEES OF THE CARPENTERS VACATION TRUST FUND OF ST. LOUIS

and

CARPENTERS' JOINT TRAINING FUND OF ST. LOUIS, A Trust Fund,

) **No.**

and

ALBERT L. BOND and BRIAN MURPHY
TRUSTEES OF THE CARPENTERS' JOINT TRAINING
FUND OF ST. LOUIS,

and

ST. LOUIS – KANSAS CITY CARPENTERS
REGIONAL COUNCIL,

Plaintiffs,

v.

**HUBCO, INC.,**
**[SERVE: Susan L. Hart**
**Registered Agent**
**3407 Berrywood Dr., Suite 201**
**Columbia, MO 65201]**

Defendant.

## <u>C O M P L A I N T</u>

## <u>COUNT I</u>

Come now Plaintiffs, Carpenters Pension Trust Fund of Kansas City, a Trust Fund, and Albert L. Bond and Donald E. Greenwell, III, duly appointed and acting Trustees of the Carpenters Pension Trust Fund of Kansas City who are authorized to maintain this action on behalf of the Pension Fund and all the Trustees of the Carpenters Pension Trust Fund of Kansas City, and, for their cause of action under Count I against Defendant Hubco, state:

1. This action arises under and jurisdiction is founded on Section 502 and Section 515 of the Employee Retirement Income Security Act (hereinafter referred to as "ERISA"), 29 U.S.C. § 1132 and 29 U.S.C. § 1145.

2. Plaintiffs, Albert L. Bond and Donald E. Greenwell, III, are duly appointed and acting Trustees of the Carpenters Pension Trust Fund of Kansas City, who are authorized to maintain this action on behalf of the Pension Fund and all the Trustees of the Carpenters Pension

Trust Fund of Kansas City; Plaintiff, Carpenters Pension Trust Fund of Kansas City (hereinafter referred to as "Plaintiff Fund"), is a trust fund existing and established pursuant to the Labor Management Relations Act, as amended, Section 302, 29 U.S.C. § 186; that said Plaintiff Fund is an employee benefit plan within the meaning of Section 3 of ERISA, 29 U.S.C. § 1003.

3. Said Plaintiff Fund was established on April 1, 1968, pursuant to the collective bargaining agreement entered into between the Builders Association of Missouri (hereinafter referred to as "Association") and The United Brotherhood of Carpenters and Joiners of America, District Council of Kansas City and Vicinity, AFL-CIO that the Trust Agreement establishing the Plaintiff Fund was amended and revised effective January 1, 1976.

4. The situs of the Plaintiff Fund is the City of Kansas City, Missouri, and all questions pertaining to the validity, construction, and administration of said Fund shall be determined in accordance with the laws of the State of Missouri and the aforementioned Federal laws.

5. Plaintiffs have served the Secretary of the Treasury and the Secretary of Labor with copies of the within Complaint as required by Section 502(h) of ERISA, 29 U.S.C. § 1132(h) by depositing copies of said Complaint in the United States mail, certified mail, addressed to said Secretary of the Treasury and said Secretary of Labor on or about the date of the filing of the Complaint.

6. Defendant Hubco, Inc. (hereinafter referred to as “Hubco”) is a Missouri Corporation doing business in the State of Missouri and at all times material herein employed carpenters performing work covered by the collective bargaining agreements herein mentioned.

7. In the ordinary course of business, Defendant Hubco annually engages in substantial dollar volume in business with persons, firms and corporations which are engaged in businesses affecting commerce within the meaning of the Labor Management Relations Act, as amended, 29 U.S.C. § 151 and 29 U.S.C. § 185.

8. Defendant, at all times material herein, stipulated and agreed to be bound by the terms and conditions of collective bargaining agreements then in effect and that would

subsequently be in effect between the Association and the St. Louis – Kansas City Carpenters' Regional Council (hereby referred to as "Union") for the Kansas City Agreement areas 1, 2 and 3 (hereafter referred to as "collective bargaining agreement(s)"); that Defendant is thereby bound by all collective bargaining agreements in effect on said date and subsequent thereto.

9. Carpenter employees of the Defendant Hubco were employed under the terms of the collective bargaining agreements referenced herein under the terms of which Defendant Hubco agreed, among other things, to pay and contribute to Plaintiff Fund various sums per hour for each employee covered by and subject to said agreements from **May 1, 2019**, to the present date and thereafter; and during said period to submit written reports within ten (10) days after the last day of the preceding month for the hours worked during said preceding month; that said reports should list the names and hours worked and the amounts contributed for each such employee of Defendant Hubco.

10. Defendant has failed and refused to submit correct remittance reports and correct contributions to Plaintiffs from **March 1, 2021,** to date, and Plaintiffs are unable to determine the total amount of contributions owed by Defendant without an accounting of the books and records of Defendant covering the period **March 1, 2021**, to date

11. That Defendant Hubco is required by Section 209 of ERISA, 29 U.S.C. 1059, to maintain records with respect to each employee sufficient to determine the benefits due or which may become due to such employees.

12. Under the agreements hereinabove mentioned, Defendant Hubco likewise agreed, among other things, to be bound by the terms and provisions of the Trust Agreement, as amended, under which the said Plaintiff Fund is administered and to allow an official agent of the Board of Trustees of said Plaintiff Fund, upon request, during regular business hours, to inspect and make copies of any and all records of Defendant Hubco pertaining to compensation paid to employees, hours worked by employees, monies withheld from employees for taxes paid on account of employees and other records relevant to and of assistance in determining whether

Hubco's obligations under said agreements to make payments to said Plaintiff Fund have been faithfully performed.

13. The collective bargaining agreements and Trust Agreement, as amended, and hereinabove mentioned likewise provide that, if payment of sums due said Plaintiff Fund therein mentioned are made later than the time required, the Board of Trustees may impose on the employer liquidated damages, interest, audit costs, and reasonable attorneys' fees and Court costs incurred to enforce payments from an employer in default.

14. The collective bargaining agreements and Trust Agreement, as amended, further provide that the Board of Trustees may require the employer to put up cash deposits in advance of work and/or to enter into an escrow arrangement with the Plaintiff Fund or post a corporate bond guaranteeing performance under the Trust Agreement, as amended.

15. Plaintiffs are without an adequate remedy at law and will suffer immediate, continuing, and irreparable injury, loss and damage unless Defendant Hubco is ordered to specifically perform all obligations on Defendant Hubco's part required to be performed under the collective bargaining agreements and Trust Agreements, as amended, and herein referred to.

16. Defendant Hubco is required by Section 515 of ERISA, 29 U.S.C. 1145 to make fringe benefit contributions to Plaintiffs pursuant to and in accordance with the terms and conditions of the aforesaid collective bargaining agreements and Trust Agreement, as amended; and this action is brought by Plaintiff Trustees for and on behalf of Plaintiff Fund to enforce said Defendant Hubco's obligations under Section 515 of ERISA.

17. That pursuant to Section 502(g)(2) of ERISA, 29 U.S.C. 1132(g)(2), Plaintiffs are entitled to a mandatory award of unpaid fringe benefit contributions; interest on said unpaid fringe benefit contributions as provided for in the aforesaid Trust Agreement, as amended; liquidated damages as provided for in the aforesaid Trust Agreement, as amended; reasonable attorneys' fees; and their cost of this action.

WHEREFORE, Plaintiffs pray for the following Orders, Judgments and Decrees:

A. An Order directing that an accounting be made of Defendant's books and records to determine the total number of hours worked and/or paid to employees covered by the aforesaid collective bargaining agreements from **March 1, 2021,** to date;

B. For judgment against Defendant in a sum equal to the number of hours found by said accounting to have been worked and/or paid to employees covered by said agreements times the hourly amounts due under said agreements for the period **March 1, 2021,** to date;

C. For judgment against Defendant for liquidated damages;

D. For judgment against Defendant for interest on the unpaid fringe benefit contributions;

E. For judgment against Defendant for reasonable attorneys' fees incurred in the prosecution of this cause;

F. For judgment against Defendant for audit costs incurred in the prosecution of this cause;

G. For an Order requiring Defendant to put up cash deposits in advance of work and/or to enter into an escrow arrangement with Plaintiffs or post a corporate bond guaranteeing performance under the collective bargaining agreements and Trust Agreement, as amended;

H. For an Order, pursuant to Section 209 of ERISA, 29 U.S.C. §1059, requiring Defendant to maintain records with respect to each employee sufficient to determine the benefits due or which may become due to such employees;

I. For an Order requiring the Defendant to specifically perform all provisions of the current and future collective bargaining agreements and Trust Agreement, as amended, in respect to the reporting and payment of fringe benefit contributions to the Plaintiffs;

J. For judgment against Defendant for costs incurred in this action; and

K. For such other relief as the Court may deem appropriate.

## COUNT II

Come now Plaintiffs, St. Louis – Kansas City Carpenters Regional Annuity Fund, a Trust Fund, and Virgil W. Kloth, and Brian Murphy, duly appointed and acting Trustees of the St. Louis – Kansas City Carpenters Regional Annuity Fund who are authorized to maintain this action on behalf of the Annuity Fund and all the Trustees of the St. Louis – Kansas City Carpenters Regional Annuity Fund, and, for their cause of action under Count II against Defendant Hubco, state:

1. Plaintiffs, Virgil W. Kloth, and Brian Murphy, are duly appointed and acting Trustees of the St. Louis – Kansas City Carpenters Regional Annuity Fund who authorized to maintain this action on behalf of the Annuity Fund and all the Trustees of the St. Louis – Kansas City Carpenters Regional Annuity Fund; Plaintiff St. Louis – Kansas City Carpenters Regional Annuity Fund (hereinafter referred to as "Plaintiff Fund") is a trust fund existing and established pursuant to the Labor Management Relations Act, as amended, Section 302, 29 U.S.C. § 186; that said Plaintiff Fund is an employee benefit plan within the meaning of Section 3 of ERISA, 29 U.S.C. § 1002.

2. Said Plaintiff Fund was established and adopted on May 1, 2019, pursuant to the collective bargaining agreement between the Associated General Contractors of St. Louis and Home Builders Association of Greater St. Louis and Eastern Missouri, The Builders' Association, Flooring Industry Council of Greater St. Louis, and Southern Illinois Builders Association (hereinafter referred to as "Associations") and the Carpenters' District Council of St. Louis.

3. The situs of the Plaintiff Fund is the City of St. Louis, Missouri, and all questions pertaining to the validity, construction, and administration of said Fund shall be determined in accordance with the laws of the State of Missouri and the aforementioned Federal laws

4. Plaintiffs hereby incorporate, adopt and make part hereof all of the allegations of Paragraphs One (1), Five (5), Six (6), Seven (7), Eight (8), Nine (9), Ten (10), Eleven (11), Twelve (12), Thirteen (13), Fourteen (14), Fifteen (15), Sixteen (16), and Seventeen (17) of Count I of the Complaint.

WHEREFORE, Plaintiffs pray for the following Orders, Judgments and Decrees:

A. An Order directing that an accounting be made of Defendant's books and records to determine the total number of hours worked and/or paid to employees covered by the aforesaid collective bargaining agreements from **March 1, 2021,** to date;

B. For judgment against Defendant in a sum equal to the number of hours found by said accounting to have been worked and/or paid to employees covered by said agreements times the hourly amounts due under said agreements for the **March 1, 2021,** to date;

C. For judgment against Defendant for liquidated damages;

D. For judgment against Defendant for interest on the unpaid fringe benefit contributions;

E. For judgment against Defendant for reasonable attorneys' fees incurred in the prosecution of this cause;

F. For judgment against Defendant for audit costs incurred in the prosecution of this cause;

G. For an Order requiring Defendant to put up cash deposits in advance of work and/or to enter into an escrow arrangement with Plaintiffs or post a corporate bond guaranteeing performance under the collective bargaining agreements and Trust Agreement, as amended;

H. For an Order, pursuant to Section 209 of ERISA, 29 U.S.C. § 1059, requiring Defendant to maintain records with respect to each employee sufficient to determine the benefits due or which may become due to such employees;

I. For an Order requiring the Defendant to specifically perform all provisions of the current and future collective bargaining agreements and Trust Agreement, as amended, in respect to the reporting and payment of fringe benefit contributions to the Plaintiffs;

J. For judgment against Defendant for costs incurred in this action; and

K. For such other relief as the Court may deem appropriate.

## COUNT III

Come now Plaintiffs, Carpenters Health and Welfare Trust Fund of St. Louis, a Trust Fund, and Virgil W. Kloth and Brian Murphy, duly appointed and acting Trustees of the Carpenters Health and Welfare Trust Fund of St. Louis who are authorized to maintain this action on behalf of the Welfare Fund and all the Trustees of the Carpenters Health and Welfare Trust Fund of St. Louis, and, for their cause of action under Count III against Defendant Hubco, state:

1. Plaintiffs, Virgil W. Kloth and Brian Murphy, are duly appointed and acting Trustees of the Carpenters Health and Welfare Trust Fund of St. Louis who authorized to maintain this action on behalf of the Welfare Fund and all the Trustees of the Carpenters Health and Welfare Trust Fund of St. Louis; Plaintiff Carpenters Health and Welfare Trust Fund of St. Louis (hereinafter referred to as "Plaintiff Fund") is a trust fund existing and established pursuant to the Labor Management Relations Act, as amended, Section 302, 29 U.S.C. 186; that said Plaintiff Fund is an employee benefit plan within the meaning of Section 3 of ERISA, 29 U.S.C. 1002.

2. Said Plaintiff Fund was established on May 1, 1953, pursuant to the collective bargaining agreements between the Associated General Contractors of St. Louis and Home Builders Association of Greater St. Louis (hereinafter referred to as "Associations") and the Carpenters' District Council of St. Louis (hereinafter referred to as "Union"); that the Trust Agreement establishing the Plaintiff Fund was amended and revised effective December 11, 1975.

3. The situs of the Plaintiff Fund is the City of St. Louis, Missouri, and all questions pertaining to the validity, construction, and administration of said Fund shall be determined in accordance with the laws of the State of Missouri and the aforementioned Federal laws.

4. Plaintiffs hereby incorporate, adopt and make part hereof all of the allegations of Paragraphs One (1), Five (5), Six (6), Seven (7), Nine (9), Ten (10), Eleven (11), Twelve (12), Thirteen (13), Fourteen (14), Fifteen (15), Sixteen (16), and Seventeen (17) of Count I of the Complaint.

WHEREFORE, Plaintiffs pray for the following Orders, Judgments and Decrees:

A. An Order directing that an accounting be made of Defendant's books and records to determine the total number of hours worked and/or paid to employees covered by the aforesaid collective bargaining agreements from **March 1, 2021,** to date;

B. For judgment against Defendant. in a sum equal to the number of hours found by said accounting to have been worked and/or paid to employees covered by said agreements times the hourly amounts due under said agreements for the period **March 1, 2021,** to date;

C. For judgment against Defendant for liquidated damages;

D. For judgment against Defendant for interest on the unpaid fringe benefit contributions;

E. For judgment against Defendant for reasonable attorneys' fees incurred in the prosecution of this cause;

F. For judgment against Defendant for audit costs incurred in the prosecution of this cause;

G. For an Order requiring Defendant to put up cash deposits in advance of work and/or to enter into an escrow arrangement with Plaintiffs or post a corporate bond guaranteeing performance under the collective bargaining agreements and Trust Agreement, as amended;

H. For an Order, pursuant to Section 209 of ERISA, 29 U.S.C. § 1059, requiring Defendant to maintain records with respect to each employee sufficient to determine the benefits due or which may become due to such employees;

I. For an Order requiring the Defendant to specifically perform all provisions of the current and future collective bargaining agreements and Trust Agreement, as amended, in respect to the reporting and payment of fringe benefit contributions to the Plaintiffs;

J. For judgment against Defendant for costs incurred in this action; and

K. For such other relief as the Court may deem appropriate.

## COUNT IV

Come now Plaintiffs, Carpenters Vacation Trust Fund of St. Louis, a Trust Fund, and Albert L. Bond and Brian Murphy, duly appointed and acting Trustees of the Carpenters Vacation Trust Fund of St. Louis who are authorized to maintain this action on behalf of the Vacation Fund and all the Trustees of the Carpenters Vacation Trust Fund of St. Louis, and, for their cause of action under Count IV against Defendant Hubco, state:

1. Plaintiffs, Albert L. Bond and Brian Murphy are duly appointed and acting Trustees of the Carpenters Vacation Trust Fund of St. Louis who authorized to maintain this action on behalf of the Vacation Fund and all the Trustees of the Carpenters Vacation Trust Fund of St. Louis; Plaintiff Carpenters Vacation Trust Fund of St. Louis (hereinafter referred to as "Plaintiff Fund") is a trust fund existing and established pursuant to the Labor Management Relations Act, as amended, Section 302, 29 U.S.C. 186; that said Plaintiff Fund is an employee benefit plan within the meaning of Section 3 of ERISA, 29 U.S.C. 1002.

2. Said Plaintiff Fund was established on May 1, 1969, pursuant to the collective bargaining agreement between Associated General Contractors of St. Louis and Home Builders Association of Greater St. Louis (hereinafter referred to as "Associations") and the Carpenters District Council of Greater St. Louis (hereinafter referred to as "Union"); that the Trust Agreement establishing the Plaintiff Fund was amended and revised May 1, 1983.

3. The situs of the Plaintiff Fund is the City of St. Louis, Missouri, and all questions pertaining to the validity, construction, and administration of said Fund shall be determined in accordance with the laws of the State of Missouri and the aforementioned Federal laws.

4. Plaintiffs hereby incorporate, adopt and make part hereof all of the allegations of Paragraphs One (1), Five (5), Six (6), Seven (7), Eight (8), Nine (9), Ten (10), Eleven (11), Twelve (12), Thirteen (13), Fourteen (14), Fifteen (15), Sixteen (16), and Seventeen (17) of Count I of the Complaint.

WHEREFORE, Plaintiffs pray for the following Orders, Judgments and Decrees:

A. An Order directing that an accounting be made of Defendant's books and records to determine the total number of hours worked and/or paid to employees covered by the aforesaid collective bargaining agreements from **March 1, 2021,** to date;

B. For judgment against Defendant in a sum equal to the number of hours found by said accounting to have been worked and/or paid to employees covered by said agreements times the hourly amounts due under said agreements for the period **March 1, 2021,** to date;

C. For judgment against Defendant for liquidated damages;

D. For judgment against Defendant for interest on the unpaid fringe benefit contributions;

E. For judgment against Defendant for reasonable attorneys' fees incurred in the prosecution of this cause;

F. For judgment against Defendant for audit costs incurred in the prosecution of this cause;

G. For an Order requiring Defendant to put up cash deposits in advance of work and/or to enter into an escrow arrangement with Plaintiffs or post a corporate bond guaranteeing performance under the collective bargaining agreements and Trust Agreement, as amended;

H. For an Order, pursuant to Section 209 of ERISA, 29 U.S.C. § 1059, requiring Defendant to maintain records with respect to each employee sufficient to determine the benefits due or which may become due to such employees;

I. For an Order requiring the Defendant to specifically perform all provisions of the current and future collective bargaining agreements and Trust Agreement, as amended, in respect to the reporting and payment of fringe benefit contributions to the Plaintiffs;

J. For judgment against Defendant for costs incurred in this action; and

K. For such other relief as the Court may deem appropriate.

## COUNT V

Come now Plaintiffs, Carpenters' Joint Training Fund of St. Louis, a Trust Fund, and Albert L. Bond and Brian Murphy, duly appointed and acting Trustees of the Carpenters' Joint Training Fund of St. Louis who are authorized to maintain this action on behalf of the Training Fund and all the Trustees of the Carpenters' Joint Training Fund of St. Louis, and, for their cause of action under Count V against Hubco, state:

1. Plaintiffs, Albert L. Bond and Brian Murphy are duly appointed and acting Trustees of the Carpenters' Joint Training Fund of St. Louis who authorized to maintain this action on behalf of the Training Fund and all the Trustees of the Carpenters' Joint Training Fund of St. Louis; Plaintiff Carpenters' Joint Training Fund of St. Louis (hereinafter referred to as "Plaintiff Fund") is a trust fund existing and established pursuant to the Labor Management Relations Act, as amended, Section 302, 29 U.S.C. 186; that said Plaintiff Fund is an employee benefit plan within the meaning of Section 3 of ERISA, 29 U.S.C. 1002.

2. Said Plaintiff Fund was established on August 27, 2001, pursuant to the collective bargaining agreement between the Carpenters' District Council of Greater St. Louis (hereinafter referred to as "Union") and the Associated General Contractors of St. Louis and Home Builders Association of Greater St. Louis (hereinafter referred to as "Associations"); that the Trust Agreement establishing the Plaintiff Fund was amended and revised July 1, 2004.

3. The situs of the Plaintiff Fund is the City of St. Louis, Missouri, and all questions pertaining to the validity, construction, and administration of said Fund shall be determined in accordance with the laws of the State of Missouri and the aforementioned Federal laws.

4. Plaintiffs hereby incorporate, adopt and make part hereof all of the allegations of Paragraphs One (1), Five (5), Six (6), Seven (7), Eight (8), Nine (9), Ten (10), Eleven (11), Twelve (12), Thirteen (13), Fourteen (14), Fifteen (15), Sixteen (16), and Seventeen (17) of Count I of the Complaint.

WHEREFORE, Plaintiffs pray for the following Orders, Judgments and Decrees:

A. An Order directing that an accounting be made of Defendant's books and records to determine the total number of hours worked and/or paid to employees covered by the aforesaid collective bargaining agreements from **March 1, 2021,** to date;

B. For judgment against Defendant in a sum equal to the number of hours found by said accounting to have been worked and/or paid to employees covered by said agreements times the hourly amounts due under said agreements for the period **March 1, 2021,** to date;

C. For judgment against Defendant for liquidated damages;

D. For judgment against Defendant for interest on the unpaid fringe benefit contributions;

E. For judgment against Defendant for reasonable attorneys' fees incurred in the prosecution of this cause;

F. For judgment against Defendant for audit costs incurred in the prosecution of this cause;

G. For an Order requiring Defendant to put up cash deposits in advance of work and/or to enter into an escrow arrangement with Plaintiffs or post a corporate bond guaranteeing performance under the collective bargaining agreements and Trust Agreement, as amended;

H. For an Order, pursuant to Section 209 of ERISA, 29 U.S.C. § 1059, requiring Defendant to maintain records with respect to each employee sufficient to determine the benefits due or which may become due to such employees;

I. For an Order requiring the Defendant to specifically perform all provisions of the current and future collective bargaining agreements and Trust Agreement, as amended, in respect to the reporting and payment of fringe benefit contributions to the Plaintiffs;

J. For judgment against Defendant for costs incurred in this action; and

K. For such other relief as the Court may deem appropriate.

## COUNT VI

Comes now Plaintiff, St. Louis – Kansas City Carpenters' Regional Council (hereby referred to as "Plaintiff Union") and for its cause of action under Count VI against Defendant Hubco states:

1. Plaintiff Union is an unincorporated association comprised of and representing persons engaged in carpentry, joining, and related activities. The Union is a "labor organization" within the meaning of Section 2(5) of the National Labor Relations Act ("NLRA"), 29 U.S.C. § 152(5), representing employees in an industry affecting commerce within the meaning of Section 301 of the LMRA, 29 U.S.C. § 185, and is an "employee organization" within the meaning of Section 3(4) of ERISA, 29 U.S.C. § 1002(4). The Union is and was at all times material here the collective bargaining representative of all employees in its bargaining units employed by Defendant Hubco.

2. Carpenter employees of the Defendant Hubco were employed under the terms of the collective bargaining agreements referenced herein under the terms of which Defendant Hubco agreed, among other things, to pay and contribute to Plaintiff Union dues for each hour worked for each employee covered by and subject to said agreements at all times material herein; and during said period to submit written reports within ten (10) days after the last day of the preceding month for the hours worked during said preceding month; that said reports should list the names and hours worked and the amounts contributed for each such employee of Defendant Hubco.

3. Under the agreements hereinabove mentioned, Defendant Hubco likewise agreed, among other things, to allow an official agent of the Plaintiff Union, upon request, during regular business hours, to inspect and make copies of any and all records of Defendant Hubco pertaining to compensation paid to employees, hours worked by employees, monies withheld from employees for taxes paid on account of employees and other records relevant to and of assistance in determining whether Defendant Hubco obligations under said agreements to make

payments to said Plaintiff Union have been faithfully performed

4. Defendant has agreed to permit the Plaintiff Union to examine, inspect and audit Defendant's books and records from **March 1, 2021,** to date, for the purposes of determining the amounts of dues which should have been paid to said Plaintiff Union during said period. Plaintiff Union is therefore authorized to make said examination, inspection and audit as provided for by the agreements hereinabove mentioned.

5. Plaintiff Union hereby incorporate, adopt and make part hereof all of the allegations of Paragraphs Six (6), Seven (7), Eight (8), and Ten (10), of Count I of the Complaint.

WHEREFORE, Plaintiff Union prays for the following Orders, Judgments and Decrees:

A. An Order directing that an accounting be made of Defendant Hubco's books and records to determine the total number of hours worked and/or paid to employees covered by the aforesaid collective bargaining agreements from **March 1, 2021,** to date;

B. For judgment against Defendant for the dollar amount of unpaid dues found by said accounting for the period **March 1, 2021,** to date;

C. For judgment against Defendant for interest on the unpaid dues;

D. For judgment against Defendant for reasonable attorneys' fees incurred in the prosecution of this cause;

E. For judgment against Defendant for audit costs incurred in the prosecution of this cause;

F. For an Order requiring Defendant to put up cash deposits in advance of work and/or to enter into an escrow arrangement with Plaintiff Union or post a corporate bond guaranteeing performance under the applicable collective bargaining agreements;

G. For an Order, pursuant to Section 209 of ERISA, 29 U.S.C. § 1059, requiring Defendant to maintain records with respect to each employee sufficient to determine the amount of unpaid dues owed or the amount of unpaid dues which may become owed on behalf of such employees;

H. For an Order requiring the Defendant to specifically perform all provisions of the applicable collective bargaining agreements, in respect to the reporting and payment of unpaid dues owed to the Plaintiff Union;

I. For judgment against Defendant for costs incurred in this action; and

J. For such other relief as the Court may deem appropriate.

Respectfully Submitted,

ARNOLD, NEWBOLD, SOLLARS & HOLLINS, P.C.

*/s/ Mark A. Kistler*
Mark A. Kistler, MO No. 48442

*/s/ Aaron D. Schuster*
Aaron D. Schuster, MO No. 68672
1100 Main Street, Suite 2001
Kansas City, Missouri 64105
Telephone: (816) 421-5788
Facsimile: (816) 471-5574
makistler@a-nlaw.com
adschuster@a-nlaw.com

*Attorneys for Plaintiffs*